NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**RICHARD COX,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

2013-3186

Petition for review of the Merit Systems Protection Board in No. AT844E131600-I-1.

Decided:  February 7, 2014

RICHARD COX, of Clinton, Tennessee, pro se.

SCOTT SLATER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and CLAUDIA BURKE, Assistant Director.

Before DYK, PROST, and MOORE, *Circuit Judges.*

PER CURIAM.

Richard Cox appeals a decision of the Merit Systems Protection Board ("Board"), dismissing as untimely his appeal of the Office of Personal Management's ("OPM") denial of his disability retirement application. We *affirm*.

## BACKGROUND

Mr. Cox applied for disability retirement on the grounds that he could not perform the duties of his position as an Equal Opportunity Specialist due to various medical conditions. On September 26, 2011, the OPM issued its determination that Mr. Cox did not meet five of the seven requisite criteria and therefore was ineligible for disability retirement. Mr. Cox requested reconsideration, after which the OPM concluded that its initial decision was correct.

The OPM's reconsideration decision, dated January 9, 2012, informed Mr. Cox that he had a right to appeal to the Board, and 30 days to exercise that right. Mr. Cox states that he received the OPM decision on January 9, 2012, the date of the OPM decision. The decision stated that the 30-day period would run from either the date of the Board's decision or Mr. Cox's receipt thereof, whichever came later. On July 25, 2013, Mr. Cox appealed the OPM decision to the Board. Based on the fact that Mr. Cox filed the appeal more than 500 days after the date of the OPM's reconsideration decision and failed to show good cause for extending the filing time limit, the Board dismissed the appeal as untimely filed.

Mr. Cox appealed the Board's decision to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We may only review cases involving disability retirement "to determine whether 'there has been a substantial departure from important procedural rights, a miscon-

struction of the governing legislation, or some like error going to the heart of the administrative determination.'" *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 791 (1985) (quoting *Scroggins v. United States*, 397 F.2d 295, 297 (Ct. Cl. 1968) (internal quotation marks omitted)). Accordingly, we may not review the factual underpinnings of disability determinations. *Id.* We have held that the question of "whether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc).

The only issue before us is whether the Board erred in dismissing Mr. Cox's appeal as untimely. Mr. Cox contends that he filed his appeal after the time limit due to circumstances beyond his control, including difficulties associated with medical conditions. He states that he suffers from post-traumatic stress disorder, degenerative joint disease, chronic Lyme disease, nerve pain, and peripheral artery disease.

The relevant regulations require an appeal to be filed within 30 days of the effective date of the Board's decision or the appellant's receipt of that decision, whichever is later. 5 C.F.R. § 1201.22(b). If an appeal is not filed within the statutory time limit, it will be dismissed as untimely "unless a good reason for the delay is shown." *Id.* § 1201.22(c). Although the Board's regulations do not define specific criteria for good cause, factors for consideration include:

> the length of the delay; whether appellant was notified of the time limit or was otherwise aware of it; the existence of circumstances beyond the control of the appellant which affected his ability to comply with the time limits; the degree to which negligence by the appellant has been shown to be

> present or absent; circumstances which show that any neglect involved is excusable neglect; a showing of unavoidable casualty or misfortune; and the extent and nature of the prejudice to the agency which would result from waiver of the time limit.

*Alonzo v. Dep't of Air Force*, 4 M.S.P.R. 180, 184 (1980) (footnotes omitted); *see also Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1582 (Fed. Cir. 1994) (quoting *Alonzo*, 4 M.S.P.R. at 184). Here, the Board issued a Timeliness Order on August 14, 2013, giving Mr. Cox the opportunity to establish good cause for his untimely filing. The Order explained that Mr. Cox could establish such cause by showing that he exercised due diligence in filing the appeal or that he suffered from an illness that affected his ability to file on time.

In his response to the Board's Order, Mr. Cox asserted that good cause existed because (1) decisions from government agencies (specifically, the Social Security Administration and Department of Veterans Affairs) concerning other disability retirement appeals had not issued within the 30-day time limit; (2) counseling for post-traumatic stress disorder took up a substantial amount of time; and (3) significant medical problems affected his ability to concentrate.

In determining whether to waive the time limit requirement, the Board recognized that Mr. Cox suffered from "significant medical problems affecting his concentration." J.A. 25. The Board also considered the length of the 500-day delay as well as the fact that Mr. Cox was able to pursue appeals with other government agencies during that time, notwithstanding his medical problems. The Board also noted that Mr. Cox acknowledged contacting attorneys about his disability issues in June 2013, and that he waited to file his appeal even though one attorney had advised him to file an appeal with the Board. Based on these considerations, the Board found that circum-

stances beyond Mr. Cox's control did not prevent him from timely filing his appeal or requesting an extension of time.

On appeal, Mr. Cox contends that the Board failed to take account of the reasons for the untimeliness of his appeal—his disabling medical conditions and the timing of other agency decisions. But the Board's decision reflects consideration of these factual allegations. Mr. Cox's appeal does not contend that the Board applied the wrong law. He effectively requests that we substitute our judgment for that of the Board with respect to the weighing of the relevant considerations. Because Mr. Cox has not established any abuse of discretion by the Board, we *affirm*.

## AFFIRMED

No costs.